**FILED**
SEP 15 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RANICKA STONE,<br><br>PLAINTIFF,<br><br>v.<br><br>TYRONNE JOHNSON and the CITY OF HARVEY,<br><br>Defendant. | 06CV5001<br>JUDGE ANDERSEN<br>MAG.JUDGE SCHENKIER |

## COMPLAINT AT LAW

NOW COMES the PLAINTIFF, by and through the LAW OFFICES OF BLAKE HORWITZ, LTD., and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit TYRONNE JOHNSON (hereinafter, the "DEFENDANT OFFICER") and the CITY OF HARVEY:

### JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

### PARTIES

2. PLAINTIFF RANICKA STONE is a resident of the State of Illinois and citizen of the United States.

3. The DEFENDANT OFFICER was at all times relevant hereto an officer for the CITY OF HARVEY.

### FACTS

1

4. On or about MAY 22, 2005, OFFICER JOHNSON arrested PLAINTIFF.

5. OFFICER JOHNSON arrested PLAINTIFF pursuant to a purported traffic offense. PLAINTIFF was driving her vehicle at that time.

6. OFFICER JOHNSON caused PLAINTIFF'S vehicle to stop and approached PLAINTIFF'S vehicle.

7. Upon approaching PLAINTIFF'S vehicle, OFFICER JOHNSON inquired as to PLAINTIFF'S identification. PLAINTIFF advised that she had left her drivers' license at her home.

8. OFFICER JOHNSON then requested that PLAINTIFF and JOHNSON go to PLAINTIFF'S home to secure her identification. PLAINTIFF and JOHNSON then went to her home.

9. Upon entry into PLAINTIFF'S home, JOHNSON secured himself into a room with no occupants.

10. JOHNSON ordered PLAINTIFF to enter the room.

11. JOHNSON then ordered PLAINTIFF to perform fellatio upon him or that he would take her down to the station. PLAINTIFF, out of fear, complied.

12. JOHNSON plead guilty to official misconduct relative to this incident in that he bribed PLAINTIFF to engage in a sexual act or arousal in exchange for the promise not to arrest PLAINTIFF.

13. After fellatio was performed, OFFICER JOHNSON, choosing not to arrest PLAINTIFF, left her home.

14. During this entire interaction with PLAINTIFF, OFFICER JOHNSON was on duty for the CITY OF HARVEY, wearing a police uniform, using the tools and instruments provided to him by the CITY OF HARVEY, including but not limited to a police vehicle radio.

15. OFFICER JOHNSON engaged in the conduct complained of, on said date, in the course and scope of his employment and while he was on duty.

16. OFFICER JOHNSON is sued in his individual and official capacity.

17. It is the custom, practice and policy of police officers and/or their supervisors/agents and/or other employees of the CITY OF HARVEY to perform the following acts and/or omissions in connection with officer misconduct:

   a. allow misconduct to occur in various types and severity such that police officers believe that they can engage in serious acts of violence without repercussion and/or significant repercussions.

   b. fail to provide adequate sanctions/discipline to officers who commit significant intrusions to the body of innocent citizens, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in inappropriate behavior with citizens.

   c. fail to provide adequate sanctions/discipline to officers who commit non-consensual sexual acts with citizens, while on duty, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior.

   d. fail to provide adequate sanctions/discipline to officers who use excessive force, upon citizens in such a way that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior.

   e. fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior (excessive force, false arrest, malicious prosecution, sexual misconduct, and/or false charging[1]).

   f. fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF HARVEY.

   g. fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can

---

[1] This is not an exhaustive list but indicated here as an example of the misconduct of officers.

3

    manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF HARVEY.

h. fail to take proper remedial measures to prevent and/or deal with officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior (excessive force, false arrest, malicious prosecution, sexual misconduct, and/or false charging[2]).

i. fail to take proper remedial measures to prevent and/or deal with officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF HARVEY.

j. fail to properly investigate officers who commit significant intrusions to the body of innocent citizens, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in inappropriate behavior with citizens.

k. fail to properly investigate officers who commit non-consensual sexual acts with citizens, while on duty, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior.

l. fail to properly investigate officers who use excessive force, upon citizens in such a way that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior.

m. fail to take proper remedial action with officers who commit significant intrusions to the body of innocent citizens, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in inappropriate behavior with citizens.

n. fail to take proper remedial action with officers who commit non-consensual sexual acts with citizens, while on duty, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior.

o. fail to take proper remedial action with officers who use excessive force, upon citizens in such a way that a permissive atmosphere exists among officers wherein

---

[2] This is not an exhaustive list but indicated here as an example of the misconduct of officers.

4

      they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior.

  p. fail to provide proper training to prevent officers from falsifying police reports, falsely charge innocent citizens, use excessive force, and to not violate the rules, policies and procedures of the CITY OF HARVEY Police Department.

18. This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the CITY OF HARVEY for a significant period of time, so much so, that police officers for the CITY OF HARVEY recognize that they will not be punished for committing inappropriate and illegal acts, as alleged above.

19. The practice and custom of the Harvey Police Department, as alleged above, proximately caused the misconduct of OFFICER JOHNSON.

20. A code of silence exists between the officers of said police department so as to obstruct the legal process (preventing the free flow of honest information with regard to acts of misconduct). This code of silence contributes to the generation of secrets regarding police officer misconduct. The secrets in this connection are designed to prevent officers from being sanctioned and/or disciplined for false charging, falsifying information, excessive force, malicious prosecution, and the commission of sexual acts with citizens (while on duty and non-consensual).

21. The actions of Harvey Police Officers, by engaging in the above referenced code of silence, proximately caused the misconduct, as alleged above, by OFFICER JOHNSON.

22. The CITY OF HARVEY is a duly incorporated municipal corporation and was, at the time of the alleged misconduct, the employer and principal of OFFICER JOHNSON as well as the other officers referred to in this Complaint, as indicated in the *Monell* allegations (*supra*).

23. At all times material to this complaint, OFFICER JOHNSON was acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF HARVEY.

## COUNT I
### §1983 Excessive Force/Unreasonable Seizure

24. PLAINTIFF re-alleges paragraphs 1 – 23 as though fully set forth herein.

25. The actions of the DEFENDANT OFFICER amounted to an excessive use of force and unreasonable seizure of the PLAINTIFF. This conduct violated the PLAINTIFF's Fourth Amendment right to be free from unreasonable seizure.

26. The aforementioned actions of said officer was the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICER. PLAINTIFF also demands punitive damages, costs and attorney's fees against said Defendant. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT II – *Monell*

27. PLAINTIFF re-alleges paragraphs 1 – 23 as though fully set forth herein.

WHEREFORE, PLAINTIFF demands compensatory damages against the CITY OF HARVEY, costs and attorney's fees. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT III
### 745 ILCS 10/9-102 Claim Against the CITY OF HARVEY

28. PLAINTIFF re-alleges paragraphs 1 – 23 as though fully set forth herein.

29. Defendant CITY OF HARVEY is the employer of the DEFENDANT OFFICER alleged above.

30. The DEFENDANT OFFICER, as alleged above, committed the acts under color of law and in the scope of their employment as employees for the CITY OF HARVEY.

WHEREFORE, should the DEFENDANT OFFICER be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the CITY OF HARVEY pay her any judgment obtained against said OFFICER as a result of this complaint.

### COUNT IV
### INJUNCTIVE RELIEF

31. PLAINTIFF re-alleges paragraphs 1 – 23 as though fully set forth herein.

32. As alleged above, the CITY OF HARVEY fails to properly monitor, train and discipline its police force. A proximate cause of the actions and/or omissions of the CITY OF HARVEY is the violation of the constitutional rights of the citizens of the CITY OF HARVEY and of the PLAINTIFF, in particular.

33. PLAINTIFF is in fear of great bodily harm, further sexual exploitation, further intrusions to her person (in violation of the Fourth Amendment to the United States Constitution) as a result of the custom and practice of the CITY OF HARVEY, as alleged above.

34. PLAINTIFF prays for injunctive relief against the CITY OF HARVEY to cease and desist from engaging in the improper discipline and training of its officers.

35. PLAINTIFF will suffer irreparable injury if the conduct of the CITY OF HARVEY continues, as alleged above as there is an imminent threat that PLAINTIFF will be caused to suffer the same intrusion to her person as she has already suffered, if the CITY OF HARVEY continues to permit police officer misconduct as allege above.

WHEREFORE, PLAINTIFF prays that this Court enter an order for injunctive relief, prohibiting the CITY OF HARVEY from allowing its officers to engage in said misconduct and

failing to discipline and properly investigate police officers who engage in acts of misconduct which violate the Fourth Amendment Rights of the Citizens of Harvey and Plaintiff in particular.

PLAINTIFF demands trial by jury.

                              Respectfully Submitted,

                              Attorney for the PLAINTIFF
                              Blake Horwitz

**THE LAW OFFICES OF BLAKE HORWITZ, LTD.**
Blake Horwitz, Esq.
Amanda Yarusso, Esq.
Tali Albukerk, Esq.
155 N. Michigan, Suite 723
Chicago, IL 60601
(312) 616-4433
(312) 565-7173 (Fax)